**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JUAN PABLO RAMIREZ, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:07-CV-93 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Juan Pablo Ramirez's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The government filed a response to the motion to vacate. Movant did not file a reply and the time to do so has passed. For the reasons discussed below, the Court concludes that all of the grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing.

**Background**.

On November 17, 2005, Ramirez was indicted for the offense of knowingly and intentionally distributing a substance containing five or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). See United States v. Ramirez, No. 1:05-CR-163 CAS (E.D. Mo.).

Movant made an initial appearance before a United States Magistrate Judge on April 24, 2006, and the next day attorney Patrick M. McMenamin was appointed to represent movant. Movant was arraigned on April 26, 2006, at which time he entered a plea of not guilty. In June 2006, the parties reached a plea agreement under which movant would plead guilty, and in return the government agreed not to institute any further charges against movant for any violations of federal

controlled substance laws arising out of or related to the facts underlying the charges to which movant entered a plea of guilty, including incidents that occurred on June 24, 28 and 30, 2005, and September 13, 2005.  (See Presentence Investigation Report ("PSR") ¶ 3, Doc. 33 in Case No. 1:05-CR-163 CAS).

Movant pleaded guilty as charged before this Court on June 22, 2006 pursuant to a written Plea Agreement, Guidelines Recommendation and Stipulation ("Plea Agreement").  (Doc. 27 in Case No. 1:05-CR-163 CAS).  Pursuant to the Plea Agreement, movant agreed to plead guilty to Count I for distribution of a substance containing five grams or more of methamphetamine, as charged in the Indictment.  (Id., ¶ 2.A).  The parties recommended that the base offense level under U.S.S.G. Section 2D1.1(c)(5) was 28 based on a drug quantity of at least 20 grams but less than 35 grams of actual methamphetamine.  (Id., ¶ 3.B.(1)).  The parties recommended that movant should receive a three level decrease for acceptance of responsibility.  (Id., ¶ 3.D).  The parties agreed that movant's criminal history category would be determined by the District Court after review of the Presentence Report.  (Id., ¶ 3.G).  The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered.

The PSR recommended that movant's base offense level was 28 based upon at least 20 but less than 35 grams of methamphetamine pursuant to United States Sentencing Guidelines Section 2D1.1(a)(3), and that he should receive a three level reduction for acceptance of responsibility under Section 3E1.1(a) and (b), for a total offense level of 25.  (PSR ¶ 23).  Movant's criminal history was determined to be a category II, based upon a total of three criminal history points.  (PSR ¶ 38).  The mandatory minimum term of imprisonment for the offense was sixty months, and the Guidelines sentencing range was determined to be 63 to 78 months.  (PSR ¶ 56).

The Plea Agreement states in part that movant was fully satisfied with the representation he received from his attorney, and that movant had discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 4). The Plea Agreement also states that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Id.).

In the Plea Agreement, movant waived his right to file an appeal with respect to non-jurisdictional issues. (Id. at 3-4). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On September 12, 2006, movant appeared with his attorney Mr. McMenamin and changed his plea to guilty. The Court sentenced movant to 63 months in custody, four years supervised release, and a $100 special assessment. (See Judgment, Doc. 32 in Case No. 1:05-CR-163 CAS). No direct appeal was filed.

In the § 2255 motion now before the Court, movant asserts two grounds. In Ground One, movant alleges that his counsel was ineffective for failing to explain the drug quantity and that as a result his plea was not knowing and voluntary. In Ground Two, movant asserts that the indictment under which he was convicted was flawed because it did not allege the amount of drugs he was held accountable for under the Plea Agreement. Movant also alleges that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005), because his sentence was increased based on an enhancement found by the Court that was neither admitted to by him nor found by a jury. Although not listed as a ground for relief, movant also states that "[n]either ground was previously presented because counsel refused to appeal and because ineffective assistance of counsel claims are

best brought by way of 28 U.S.C. § 2255." Mot. to Vacate, ¶ 13. The Court will address each ground in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is

granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a movant "must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002) (citing Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. A

court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

    **A. Ineffective Assistance of Counsel**

In Ground One, movant alleges that his counsel was ineffective for advising him to plead guilty to between 35 and 50 grams of methamphetamine,[1] when there were only 9.9 grams of actual methamphetamine and 13.4 grams net weight involved in the charged offense. Movant asserts that his plea to the larger drug amount was not knowing and voluntary because it was induced by counsel's faulty advice.

As a threshold matter, movant failed to claim that but for his attorney's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Indeed, the § 2255 motion specifically states, "Ramirez does not wish to withdraw his guilty plea. Ramirez merely desires to

---

[1]Movant's reference to a total drug quantity of between 35 and 50 grams is incorrect. Movant pleaded guilty to a total drug quantity of between 20 and 35 grams. See Plea Agreement ¶ 3.B.(1) at 6-7 (Doc. 27 in Case No. 1:05-CR-163 CAS); Tr. of Plea Hearing at 4 (Doc. 36 in Case No. 1:05-CR-163 CAS); Tr. of Sentencing Hearing at 4-6 (Doc. 37 in Case No. 1:05-CR-163 CAS). The initial Presentence Investigation Report incorrectly referred to a total drug quantity of between 35 and 50 grams, but was subsequently revised to refer to a total drug quantity of between 20 and 35 grams. See Presentence Investigation Report ¶¶ 4, 9, 17 (Doc. 33 in Case No. 1:05-CR-163 CAS).

6

have his sentence corrected to reflect the lesser amount of drugs that should have been contributed [sic] to him." Mot. to Vacate at 20. According, movant cannot establish prejudice. See Hill v. Lockhart, 474 U.S. at 59.

Movant's claims that he did not enter his plea knowingly are refuted by the record. As stated above, movant agreed to plead guilty to Count I for distribution of a substance containing five grams or more of methamphetamine, as charged in the Indictment, and the parties recommended that the base offense level under U.S.S.G. Section 2D1.1(c)(5) was 28 based on a drug quantity of at least 20 grams but less than 35 grams of actual methamphetamine, and that movant should receive a three level decrease for acceptance of responsibility. The PSR concluded that movant's total offense level, after consideration of a three level deduction for acceptance of responsibility (PSR, ¶ 22), was 25. (PSR, ¶¶ 23, 25) Calculation of movant's criminal history revealed three (3) criminal history points, which established a criminal history category II. (PSR, ¶ 38). Movant had one prior conviction for Unlawful Use of a Weapon (UUW), for which he was sentenced to a four year suspended sentence. (PSR, ¶ 28). The instant offense occurred while Ramirez was on probation for the UUW conviction. (PSR, ¶ 37). The PSR concluded that the applicable sentencing range was 63 to 78 months. (PSR, ¶ 56).

Movant did not object to the findings of fact contained in the Presentence Report. (Sent. Tr. at 3). During the sentencing hearing, however, movant initially stated that he did not understand the drug quantity. After discussion and clarification by movant's counsel, the Probation Officer, and the Assistant United States Attorney, movant indicated he understood that the parties were jointly recommending that the total drug quantity was 20-35 grams of methamphetamine even though the charge in the Indictment related to a sale of 9.9 grams of actual methamphetamine. (Sent. Tr. at 4-6).

7

Movant's counsel informed the Court that the original relevant conduct quantity calculated by the Government was just over fifty grams, but that through negotiations the parties agreed on a relevant conduct quantity of 20 to 35 grams. (Sent. Tr. at 6). After this explanation, the Court inquired if movant was satisfied with the explanation given, and movant replied, "Yes." (Id.).

The government has also submitted the affidavit of Mr. McMenamin regarding his communications with movant concerning the plea agreement and drug quantity. (Affidavit of Patrick M. McMenamin, Ex. 1 to Govt's Answer). Mr. McMenamin avers that he spent a "significant amount of time" explaining to movant that while he was only pleading guilty to one specific instance of distribution of a controlled substance, there were three other documented instances that were being counted as "relevant conduct" for a total actual weight of 21.2 grams of methamphetamine, and that he shared the specifics of those other documented instances with movant, as detailed in the affidavit. (Id., ¶ 3). Mr. McMenamin further avers while movant did not initially understand the "relevant conduct" concept, after their communication, movant agreed that he should plead guilty and accept responsibility for at least 20 grams but less than 35 grams of actual methamphetamine. (Id., ¶ 4). Finally, Mr. McMenamin avers that he informed movant it was not necessary for the government to charge him with the "relevant conduct" drug quantity. (Id.).

Movant's attorney was given an opportunity to make a statement on his behalf at sentencing, and made a detailed statement on movant's behalf and requested that the Court consider a sentence at the low end of the applicable sentencing guideline range. (Sent. Tr. at 8-9). The Court then inquired of movant, "Anything you wish to say, Mr. Ramirez, before sentence is imposed?" Movant replied, 'No, nothing." (Sent. Tr. at 9). Thus, the record shows that movant understood and agreed to the drug quantity. (Sent Tr. at 4-6).

8

The government recommended a sentence at the lowest end of the applicable Guidelines range. (Sent. Tr. at 9-10). The Court then sentenced Ramirez to a term of imprisonment of 63 months, followed by four years supervised release, and a $100 special assessment. (Sent. Tr. at 12-14). The sentence imposed was only three months higher than the mandatory minimum sentence available for an individual convicted of distributing five grams or more of actual methamphetamine. See 21 U.S.C. § 841(b)(1)(B).

Further, movant's claims regarding ineffective assistance of counsel do not meet the requirements of Hill v. Lockhart. Movant's counsel reviewed the evidence provided by the government, which supported that Ramirez was responsible for nearly fifty grams of actual methamphetamine and was able to secure an agreement wherein Ramirez only admitted responsibility for 20 to 35 grams. Plea Agreement, ¶3; Sent. Tr. at 6). Clearly the advice given by Mr. McMenamin to plead to responsibility for 20 to 35 grams, where the government had proof of a significantly larger amount, was within the range of professional competence required of an attorney in a criminal case.

To the extent movant argues that his sentence was imposed in violation of the rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), his claim also fails. As discussed above, the parties stipulated that the drug quantity attributable to movant, including relevant conduct, was at least 20 but less than 35 grams, and agreed that movant should receive a sentence at the low end of the applicable guideline range, 63 months. (Sent. Tr. at 6, 8, 9-10). As such, the sentence imposed by the Court was based upon facts admitted by the defendant. Because movant admitted the facts necessary to support the quantity finding, and

agreed to the quantity finding as a specific term of the Plea Agreement, the Court did not err in making the finding. See United States v. Parsons, 408 F.3d 519, 521 (8th Cir. 2005).

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that any factor, other than a prior conviction, which increases a criminal defendant's sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. In Blakely, 542 U.S. at 303, the Supreme Court clarified the Apprendi ruling, holding that the term "statutory maximum" in this context means "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." The Supreme Court also explained that a defendant may waive his Apprendi rights: "When a defendant pleads guilty, the [Government] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 542 U.S. at 310.

In this case, the parties agreed that movant was directly responsible for more than 20 grams but less than 35 grams of methamphetamine. Movant thus admitted the relevant facts regarding drug quantity, and there is no claim that his sentence exceeded the maximum authorized. As a result, neither Blakely nor subsequent decisions would render movant's plea or sentence constitutionally infirm.

For these reasons, movant has not met the burden to establish that his attorney's advice "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Further, movant has not alleged prejudice as a result of his attorney's advice to plead guilty. Under Strickland, a defendant must prove both constitutionally defective assistance of counsel and prejudice. Patterson v. United States, 133 F.3d 645, 647 (8th Cir. 1998). Movant's allegations in Ground One therefore fail to establish either prong of the test. This ground should be dismissed.

**B. Ground Two**

In Ground Two, movant asserts that the indictment under which he was convicted was flawed because it did not allege the amount of drugs he was held accountable for under the Plea Agreement, and that his attorney was ineffective for "failing to recognize the flaw in the indictment[.]" Mot. to Vacate at 18. The government responds that this claim should have been raised on direct appeal, and that the indictment was not required to specify the drug quantity related to relevant conduct.

**I**.

Movant's claim that the indictment was defective could have been raised on direct appeal of his conviction. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998). A movant's pro se status does not excuse procedural default. Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994) (citing Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991)). Movant has not attempted to show cause and prejudice and does not assert actual innocence, and therefore this ground fails.

In addition, defects in the indictment usually cannot be raised under § 2255. United States v. Herzog, 644 F.2d 713, 716 (8th Cir. 1981). "An indictment, not questioned at trial or on direct appeal, is not open to attack by motion under § 2255, unless it is so obviously defective as not to be capable by any reasonable construction of being said to charge the offense on which conviction was had." Little v. United States, 524 F.2d 335, 335 n.2 (8th Cir. 1975) (quoting Link v. United States, 352 F.2d 207, 209 (8th Cir. 1965), cert. denied, 383 U.S. 915 (1966)).

There are no exceptional circumstances present here which require a departure from the general rule that indictments are not subject to collateral attack by § 2255 motions. The United States Supreme Court's Apprendi decision holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466 (2000). Because movant's sentence is less than the forty-year maximum authorized in 21 U.S.C. § 841(b)(1)(B), Apprendi does not require that movant's drug quantity be charged in the indictment. United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.) (explaining no Apprendi error occurs when a sentence is within the statutory maximum of 20 years authorized by 21 U.S.C. § 841(b)(1)(C) without reference to drug quantity), cert. denied, 531 U.S. 1026 (2000); see also United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir.), cert. denied, 540 U.S. 1094 (2003).

The Eighth Circuit has concluded that Apprendi is not violated in cases wherein the relevant conduct drug quantity element in a methamphetamine prosecution is admitted by the defendant, but not specifically pled in the indictment. See, e.g., United States v. Cox, 22 F. App'x 662 (8th Cir. 2001) (unpublished per curiam); United States v. De Dios-Samaniego, 11 F. App'x 692, 692-93 (8th Cir. 2001) (unpublished per curiam); see also United States v. Nguyen, 46 F.3d 781, 783 (8th

12

Cir.1995) ("defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"). The indictment and movant's plea of guilty thereto were adequate to confer jurisdiction upon this Court.

Finally, it is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdictional defects or errors. United States v. Staples, 435 F.3d 860, 864 (8th Cir.), cert. denied, 127 S. Ct. 148 (2006); see United States v. Beltran-Avelos, 252 F. App'x 767, 768 (8th Cir. 2007) (unpublished per curiam) (contention that indictment needed to name co-conspirators was waived by guilty plea). In the Plea Agreement, movant waived his rights to appeal non-jurisdictional issues and to habeas corpus relief on all issues not related to prosecutorial misconduct or the ineffective assistance of counsel. Movant's guilty plea and waiver of his right to appeal (with exceptions not relevant to this issue) waived any challenge to the indictment. See United States v. Aguilera, 6 F. App'x 517, 517 (8th Cir. 2001).

For these reasons, movant's attempt to challenge the indictment in this § 2255 proceeding is without merit and this ground should be dismissed.

## II.

Movant also asserts that his counsel was ineffective for failing to challenge the indictment. First, movant does not argue that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Therefore, movant's claim against counsel fails for the reason that movant has not established the prejudice prong of the Strickland test. See Hill v. Lockhart, 474 U.S. at 59.

Second, as discussed above, Apprendi is not violated in cases wherein the relevant conduct drug quantity element in a methamphetamine prosecution is admitted by the defendant, but not

13

specifically pled in the indictment. See, e.g., United States v. Cox, 22 F. App'x 662. Any objection that movant's attorney might have made concerning the indictment would have been rejected. Counsel will not be deemed ineffective for failing to make a meritless argument. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam).

This ground should therefore be dismissed.

### C. Failure to File Appeal.

In response to the question on the § 2255 form, "Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reason for not presenting them," movant states, "Neither ground was previously presented because counsel refused to appeal and because ineffective assistance of counsel claims are best brought by way of 28 U.S.C. § 2255." Mot. to Vacate at 11. Movant does not assert a third ground for relief, however, nor does he mention the failure to file an appeal at any other point in the motion to vacate. Liberally construing the motion to vacate, the Court will assume that movant asserts that his attorney was ineffective for failing to file a notice of appeal.

If a criminal defendant specifically instructs his attorney to file a notice of appeal, it is professionally unreasonable for counsel not to do so. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The failure of an attorney "to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000).

14

Movant's § 2255 motion was signed under penalty of perjury, and therefore the Court treats it as an affidavit. Movant does not allege, however, that he requested or instructed his attorney to file an appeal. As stated above, movant makes only a conclusory assertion that his counsel "refused" to file a notice of appeal. It requires a leap of logic to read into the motion to vacate the assertion that movant actually requested or instructed the attorney to file a notice of appeal.

A claim of ineffective assistance of counsel based on the attorney's failure to file a notice of appeal after being instructed to do so can only succeed if the movant shows that he requested or instructed his counsel to file an appeal. Barger, 204 F.3d at 1182. In addition, a bare assertion by the movant that he made a request for an appeal to be filed is not, by itself, sufficient to support a grant of relief under § 2255, where other, more credible evidence indicates that no such request was made. See Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003). The affidavit of movant's counsel, Mr. McMenamin, states in pertinent part, "Mr. Ramirez did not ask me to appeal his case. In the event Mr. Ramirez had asked me to appeal, I would have filed a Notice of Appeal on his behalf." McMenamin Aff. at 2, ¶ 5. This averment is unopposed and the Court finds it credible.

The Court finds that this is a case "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken." Flores-Ortega, 528 U.S. at 478. The Court must therefore determine whether counsel consulted with movant about an appeal and, if not, whether the failure to consult was unreasonable. See Parsons v. United States, 505 F.3d 797, 799 (8th Cir. 2007). "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. "[T]o show prejudice in these

15

circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

There is no evidence in the record concerning whether counsel consulted with movant about filing an appeal. The Court will assume for purposes of this opinion that no such consultation occurred. Thus, the relevant inquiry is whether counsel's failure to consult about an appeal was ineffective assistance. The Supreme Court has instructed "that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." Flores-Ortega, 528 U.S. at 479. The Supreme Court declined to adopt a bright-line rule, however, observing "that factors such as those present in this case--whether defendant pleaded guilty, received the sentence bargained for, and expressly waived some or all of his appeal rights--are highly relevant in determining 'whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.'" Parsons, 505 F.3d at 799 (quoting Flores-Ortega, 528 U.S. at 480).

Under the circumstances of this case, where movant pleaded guilty, received the sentence that he bargained for, expressly waived his appeal rights except for non-jurisdictional issues, did not clearly raise the issue of failure to file a notice of appeal as a ground for relief in this § 2255 motion, and did not allege that he requested or instructed counsel to appeal, the Court finds and concludes that a rational defendant would not have desired an appeal, and that this defendant did not demonstrate to counsel an interest in filing an appeal. The Court concludes that counsel was not ineffective for failing to consult with movant about an appeal. Further, movant cannot show prejudice because he has not demonstrated "that there is a reasonable probability that, but for counsel's

deficient failure to consult with him about an appeal, he would have timely appealed." See Flores-Ortega, 528 U.S. at 484.

Therefore, to the extent the instant § 2255 motion asserts that counsel was ineffective for failing to file a notice of appeal, this ground is without merit and should be dismissed.

**Certificate of Appealability**.

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the Anti-Terrorism and Effect Death Penalty Act's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant Juan Pablo Ramirez is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Juan Pablo Ramirez's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Juan Pablo Ramirez has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of September, 2008.